## JOSÉ ROMERO

*v.*

## JAIME CALAF ET AL.

---

San Juan, Law, No. 922.

AS TO DISCHARGE OF ATTORNEY.

Practice—Affidavits on the Hearing.

 1. Motions are properly heard upon affidavits filed at the hearing; this will, upon application, be adjourned over to give the opposed party opportunity to file others in rebuttal.

Attorney and Client—Discharge.

 2. A contract between attorney and client is ambulatory, and can be canceled at any time by the client, subject to the rights of the attorney for damages for breach. The court cannot try the question of damages except by a regular suit.

Same—Notice to Attorney.

 3. A discharge of an attorney, if questioned, will be recognized only if there has been proper notice to the attorney so as to give him the right to institute any proper proceedings.

Opinion filed June 1, 1914.

VII. Porto Rico—8.

Romero v. Calaf.

*Mr. E. B. Wilcox* for plaintiff, petitioner.

*Mr. Hugh R. Francis* for M. Olmedo.

HAMILTON, Judge, delivered the following opinion:

It does not seem to the court that the parties differ very much in their view of the law. Here is a case where an attorney, a member of this bar, was employed together with another attorney, and the question comes up now as to whether the client has a right to discharge him. Certain affidavits are offered. There are two or three things probably that should be said.

1. In the first place, motions are generally tried upon affidavits. It would be very inconvenient to have witnesses brought and have cross-examination which might prolong matters indefinitely, so affidavits are properly received on trials of motions, but there must be an equality in the handling of proof. If affidavits are presented at the time of the hearing of the motion, the motion cannot be heard if the other side wishes to present affidavits in opposition. There must be complete fairness shown to both sides, so that if the determination of this matter were dependent upon proof, I would have to continue it to some other day, so as to give Mr. Olmedo the opportunity which he asks to file affidavits. That is the first point.

2. In the second place, it seems to the court that the motion can be determined without reference to affidavits at all, so that it would probably be better not to consider the affidavits filed. They reflect upon a member of this bar, and, as the court can determine the matter without passing upon that at all, it would probably be better for them not to be on the record.

Romero v. Calaf.

The law is unquestioned here and everywhere that a contract between an attorney and a client is ambulatory, so to speak. It can be canceled at any time by the client; what may be the rights of a lawyer in that regard need not be considered. A client may discharge an attorney for no cause whatever at any time, but he does so subject to the rights that the lawyer, like any other citizen of any country, has, for damages for a breach of the contract. Now, upon the discharge of an attorney, the court would not be able to enter into the matter of what those damages are. That is a right secured to every American under the 7th Amendment to the Constitution to have tried at common law by a jury. If below the jurisdiction of this court, he would have a right to have it tried according to the local procedure. At all events, this would prevent this court from determining it on a motion. It would be a matter like any breach of contract to be tried not upon motion. So the court could not enter into the question of what, if anything, is due to Olmedo for his past services. It is unnecessary to discuss that further.

3. In the third place, while the right of the client to discharge Mr. Olmedo cannot be disputed, the court would not permit it to be recognized here without notice to the attorney; would not permit a client, for instance, to come in and substitute some other attorney instead of the old one without notice to the old one, because it is conceivable that there might be a situation that would affect the rights of the attorney. It can only be done after regular notice to the attorney, so as to give him the right to institute any proceedings at once if he chooses, or at any other time if he prefers.

Therefore the action of the court in this case will be this:

From and after this date the name of M. Olmedo is taken from the docket as an attorney in this case, this action being taken in consequence of the desire and prior admitted action of the client himself. In other words, the court is recognizing what the client has done; the court itself is not discharging the attorney. It doubts if it could, but it certainly is not doing it. The court in this case simply recognizes that the plaintiff has discharged Mr. Olmedo.

The result would be twofold. As to how it affects Mr. Olmedo's claim for fees or for lien, the court does not pass on at all. That is a matter which should be adjusted by some other forum or in some other procedure in this forum. For the future this case proceeds without the name of Mr. Olmedo, and without his having anything to do with it. If there is any settlement to be had, so far as the attorneys of record are concerned, Mr. Olmedo is not to be consulted. Of course, Mr. Olmedo, if he has any rights, has his remedy. It is unnecessary for me to say what; but it will not be as an attorney representing this client.